RAFAEL CONDE, represented by his father JULIO CONDE, Plaintiff and Appellee, *v.* MARÍA GARRATÓN DE BARNÉS, Defendant and Appellant.

No. 4797. Argued May 28, 1929.—Decided December 16, 1929.

*Hartzell, Kelley & Hartzell* and *R. O. Fernández,* for appellant. *A. E. Font* and *J. Valldejuli,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Rafael Conde, represented by his father Julio Conde, brought an action against María Garratón de Barnés to recover damages in the sum of five thousand dollars, and obtained judgment for one thousand dollars.

The defendant took an appeal from the above judgment, and has assigned in her brief the following errors:

"1. The district court erred in rendering judgment against the defendant notwithstanding the absence of proof that the Chevrolet automobile, registration plate No. 8536, was being used as part of a business enterprise or in connection therewith, that the defendant

was the owner or manager of such enterprise and that her employee was acting within the scope of his employment at the time of the accident.

"2. The district court erred in rendering judgment against the defendant without any showing that the Chevrolet car, registration plate No. 8536, belonged to the defendant, and without any allegation or proof that she was traveling in said vehicle at the time of the accident.

"3. The district court erred in rendering against the defendant herein a judgment which is not supported by the facts, considered as proved by the said court.

To perfect her appeal, the appellant filed a transcript which included the complaint, the answer, the opinion of the court, the judgment and the notice of appeal; and the appellee, relying on the nature of the errors assigned and on the fact that the evidence heard had not been incorporated in the record, moved at the hearing for a dismissal of the appeal.

That incident furnished the occasion for an interesting oral argument, followed by a well prepared supplemental brief from the appellant, to which the appellee has filed no reply. An old question, which was discussed at length by the members of this court in conference and which was decided in *Paganacci* v. *Lebrón*, 24 P.R.R. 743, is now revived, with support from an amendment, since enacted, to section 227 of the Code of Civil Procedure. It is the proposition that there exists in this jurisdiction the same system of findings of fact and conclusions of law as understood and practiced in California, carried to its furthest limits in the present case, since the appellant contends that in this appeal, which is based on the failure to prove certain facts alleged in the complaint and without which there would be no support for the judgment, the incorporation of the evidence in the record of appeal may be dispensed with, it being sufficient for a reversal that the opinion of the court below should have omitted to make any mention of such facts, all without any action on the part of the appellant in the trial court.

It would seem advisable to state first the facts of the case. It is alleged in the complaint that the defendant is in the business of manufacturing bay rum, a product which it dis-tributes over the island through her employees, who use for this purpose several automobiles belonging to the defendant; and that on June 23, 1926, Guillermo Garratón, one of such employees, with defendant's knowledge and consent and as such employee, while driving a Chevrolet automobile, plate number 8536, belonging to the defendant and used in her busi-ness, caused certain stated damages, in consequence of negli-gent acts, which are specified. The defendant in her answer denied each and every allegation of the complaint; and as new matter she alleged that the accident was due to the negligence of the driver of the automobile in which the plain-tiff was traveling.

The case was tried, and the court finally rendered judg-ment as follows:

"JUDGMENT.—Whereas:. The trial of this case was held before this court on March 7th, April 11th and August 6th of the current year, with the appearance of plaintiff assisted by counsel Agustín E. Font, Esq., and of the defendant represented by her attorney Rafael Fernández, Esq., of the law firm Hartzell, Kelley & Hartzell;

"Whereas: The parties introduced their evidence, both oral and documentary;

"Now, therefore: The court, in view of the evidence heard and for the reasons stated in its opinion, attached to the record herein and which is made a part of this judgment, finds for the plaintiff and adjudges the defendant María Garratón de Barnés to pay to the plaintiff Rafael Conde, represented by his father Julio Conde, the sum of $1,000, with costs, disbursements and attorney's fees.

"Ponce, P. R., December 24, 1928.—(signed) Angel Acosta, District Judge."

The opinion mentioned in the judgment begins with a reference to the facts alleged by the plaintiff in his complaint, some of which we have already summarized; it then recites the several proceedings had in the case; and following that it states:

"After considering the evidence heard, the court finds that the accident occurred at Kilometer 7, Hectometer 1 of the Ponce–Jayuya road; that the Chevrolet automobile, registration plate No. 8536, was being driven by Guillermo Garratón, brother and chauffeur of the defendant, at a great velocity, without any horn or klaxon being sounded; and that, when it reached a curve lying near the store of Rosendo Torres, it collided with a Ford automobile, which was driven by a brother of the plaintiff and carried Rafael Conde as a passenger; that on that curve the defendant's car took to the same side of the road occupied by the vehicle in which plaintiff Rafael Conde was traveling; that the road at that place is narrow and dangerous and that, as a result of the collision, the plaintiff Rafael Conde sustained injuries, in consequence of which he had to be confined in the San Lucas hospital in Ponce, P. R., where he was attended by Dr. Costa and by Dr. Guillermo Vives, who prescribed for him the use of glasses; and that the defendant was confined in the hospital from June 23rd to July 21st of the current year."

There is then some reference to the law, and in several places it is insisted that the accident was due to the negligence of the chauffeur Garratón, an employee of the defendant, although nowhere is it expressly and clearly stated that the employee was using the car at the time of the accident in the business of the defendant.

The opinion also contains a detailed analysis of the evidence regarding the damages caused the plaintiff, and it concludes by assessing them at one thousand dollars.

We agree that the court ought not to have confined itself to stating in its opinion that Garratón, plaintiff's chauffeur, was her employee, but that, owing to the present condition of the law and the jurisprudence in Porto Rico, it ought to have stated, in addition, as was alleged in the complaint, that the automobile was driven by the employee in the business of the defendant at the time of the accident. But, can it be inferred from this omission that the facts left out had not been proved at the trial and, therefore, that we should reverse a judgment which was based "on the result of the evi-

dence heard,'' without it being shown to us what such evidence was?

In the past this court has invariably held that appealed judgments are presumed to be just, and that they will be affirmed, even though the grounds on which they are based are erroneous, provided they are supported by the pleadings and the evidence.

The appellant invokes, besides sections 1 and 2 of the Law of Evidence, the case of *Schloss* v. *Creditors,* 31 Cal. 201, 203, and 22 Corpus Juris 67, section 12 (*c*). She contends that there is a marked difference between evidence and proof, and that in Porto Rico, once a case is decided, there is no other *proof* therein than the facts declared by the trial court to have been proved. For the sake of accuracy of restatement, we will transcribe appellant's own words, as follows:

''From the foregoing quotations it is clear that *evidence* includes everything which is submitted to the court during the trial of a case by either party for the purpose of proving facts, whereas *proof* is the result or effect of the evidence thus submitted after it has been sifted by the mind of the judge and embodied in his opinion, which, pursuant to section 227 of the Code of Civil Procedure, as amended by Act No. 25 of June 12, 1925, is attached to the judgment, thus becoming a part of the record.

''We wish to state most emphatically that in the present appeal we do not object to the findings of fact made by the trial judge after he considered and weighed the evidence introduced at the trial; and as we do not challenge those findings it is not by any means incumbent upon us to bring such evidence before this Hon. Court in order to determine whether or not such findings were warranted. Our contenion is that the proof—that is, the facts found by the lower court to have been proved as the effect and result of the evidence by it considered—is insufficient to support the judgment.''

Before some degree of soundness could be conceded to the above contentions of the appellant, it would have to be shown that the system of findings of fact and conclusions of law, in force in California and in those jurisdictions in which the

cases cited by the appellant arose, also exists in this Island. And we use the expression "some degree of soundness", because, even if the said system were in force, we doubt very much whether the contention of the appellant could prevail in a case like the present one. But we do not find it necessary to go deeply into this matter. Suffice it to say that the system on which the appellant relies does not exist in Porto Rico.

In *Paganacci* v. *Lebrón, supra,* this court held (to quote from the syllabus):

"There is no duty in trial courts in Porto Rico to make findings of fact and conclusions of law as understood and practiced in California. There was a similar duty under the Spanish system, but since the adoption of the present Code of Civil Procedure in 1904, with an elaborate provision for a statement of facts and bill of exceptions to be prepared by the appellant and merely settled by the court, it has been understood necessarily that the former *resultandos* and *considerandos* were abolished. Our code was virtually taken from that of California and in copying the latter the sections which alluded to findings of fact and conclusions of law were omitted.

"An amendment made to the code in 1911 (section 227) requires that on the final trial of a case the district judge shall file a brief statement setting out the facts as found by him and giving the reasons for his decision; but that provision has been construed as only requiring the district judge to file a reasoned opinion setting out the facts. The use of the words 'as found by him' give it no broader meaning, for any verdict, or any decision of the court on the facts, is necessarily a finding; and to say that the courts must make findings is very different from saying that the Legislature desired to establish a system of findings of fact and conclusions of law such as exists in California."

What was the effect on the above jurisprudence of the amendment referred to by the appellant? Section 227 of the Code of Civil Procedure, as amended, reads as follows:

"Section 227.—At the final hearing of any case in a district court, the judge thereof shall render and file at the time of the sentence, a written opinion which shall be attached thereto, wherein he shall state separately and briefly the facts he considers proved and his

juridic reasons for his decision. When the findings of fact are based on conflicting evidence the judge shall state the reasons he may have had for deciding the conflict as he did; and, in case of appeal, the Supreme Court shall weigh said evidence and determine if the findings were warranted or not."

When it is observed that in the amended section above quoted the legislators themselves used the term "opinion" and not "findings of fact and conclusions of law," it will be readily seen that, although they intended to be more precise and persuasive than formerly in urging the trial judges to turn out each day an increasingly thorough and conscientious work, yet they did not thereby establish the rigorous system claimed by the appellant.

The attention of the Legislature was centered upon avoiding that conflicts in the evidence should be resolved without real analysis and that the district judges should render decisions, as was very often the case, by simply stating that the facts and the law were either in favor or against one of the parties litigant.

Pursuant to the amendment, the district judge must render an opinion and state therein the facts considered as proved and the juridical reasons for his decision, and he must also set forth his reasons for resolving conflicts in the evidence. But that this should be required does not warrant the conclusion that, under the amendment, the opinion becomes a substitute for the *evidence heard* and must be considered as *the only evidence in the case*. In addition to the opinion of the court, the bill of exceptions, the statement of the case and the transcript of the evidence, on which are based the appealed judgments, continue to have legal existence and effect in Porto Rico; and the prevailing party in a case like the present one is not expected to scan the opinion in order to find out whether all the necessary facts are held therein to have been proved, as the appellant contends. In any case, it would be incumbent on the appellant to secure a more specific declaration from the trial court, if desired.

Otherwise, by taking advantage of an omission and by withholding the evidence heard—the evidence on which the judge actually relied for the final conclusion reached in his decision —it would be possible to obtain in the appellate court the reversal of a judgment, entirely fair and just.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison concurs in the result.